SEAN P. NALTY, CA Bar No. 121253
sean.nalty@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

BENJAMIN W. PERRY, admitted *pro hac vice*
benjamin.perry@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
401 Commerce Street, Suite 1200
Nashville, TN 37219
Telephone: 615-254-1900
Facsimile: 615-254-1908

*Attorneys for Defendant*
*Cybernet Entertainment LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

S.H. and C.C. on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CYBERNET ENTERTAINMENT LLC D/B/A KINK.COM,

Defendant.

Case No. 3:25-cv-04682-VC

**CYBERNET ENTERTAINMENT LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Complaint Filed: June 3, 2025
Trial Date: None Set

Cybernet Entertainment LLC ("Cybernet" or "Defendant") hereby answers the First Amended Class Action Complaint[1] filed by Plaintiffs, S.H. and C.C. ("Plaintiffs"), as follows:

**ANSWER**

1. The allegations in Paragraph 1 are not directed to Defendant and constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 1.

2. The allegations in Paragraph 2 are not directed to Defendant and therefore no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, inclusive of the citations at Footnotes 1 and 2, and therefore denies the same.

3. The allegations in Paragraph 3 are not directed to Defendant and therefore no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Defendant admits that it is a producer and distributor of adult entertainment content and that it offers free previews of certain of its media on its website. Defendant admits that full-length content is available to its paid subscribers and that the contents of its website, including as set forth in footnote 3, speak for themselves. Defendant denies any remaining allegations in Paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Defendant denies the allegations in Paragraph 6.

[1] Defendant continues to contend, for the reasons set forth in its pending Motion to Strike First Amended Complaint and Dismiss with Prejudice (ECF No. 27), that Plaintiffs' First Amended Class Action Complaint ("FAC") was filed without Defendant's consent and without leave of Court, in violation of Fed. R. Civ. P. 15(a)(2). Accordingly, the FAC is a legal nullity to which no responsive pleading would ordinarily be required. Subject to, without waiving, and expressly preserving all arguments, defenses, and objections asserted in that motion—and incorporating them herein by reference—Defendant files this conditional Answer solely to comply with the Court's September 9, 2025 Order (ECF No. 26) and to avoid any potential default or waiver while the motion remains pending. Nothing in this Answer shall be construed as (i) consenting to Plaintiffs' unauthorized filing of the FAC, (ii) waiving any defenses available under Fed. R. Civ. P. 12 or any other rule or statute, or (iii) withdrawing or mooting Defendant's Motion to Strike. If the Court grants that motion, this Answer shall be null and void; if the motion is denied in whole or in part, Defendant reserves the right to amend or supplement this Answer as permitted by the Federal Rules and any subsequent Court order.

7. The allegations in Paragraph 7 are not directed to Defendant and therefore no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 regarding Google's business practices and therefore denies the same.

8. The allegations in Paragraph 8 are not directed to Defendant and therefore no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 regarding Google's business practices and therefore denies the same.

9. The allegations in Paragraph 9 are not directed to Defendant and therefore no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 regarding Google's business practices and therefore denies the same.

10. The allegations in Paragraph 10 are not directed to Defendant and therefore no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant does not have a record of Plaintiff S.H. or C.C. as accountholders or customers based on the information available to it. As such, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 and therefore denies the same. Defendant denies any remaining allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. The allegations in Paragraph 14 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 14

15. Defendant denies that the Plaintiffs or the putative class members are entitled to any relief whatsoever.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 regarding Plaintiff S.H.'s method of use and use of the Defendant's website to view adult entertainment content, including whether S.H. registered for an account, and therefore denies the same.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20 regarding Plaintiff S.H.'s Google account and his use of said account and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 and therefore denies the same.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22 regarding Plaintiff C.C.'s method of use and use of the Defendant's website to view adult entertainment content and therefore denies the same.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25 regarding Plaintiff C.C.'s Google account and her use of said account and therefore denies the same.

26. Defendant admits that it is a New York limited liability corporation headquartered in San Francisco, California.

27. Defendants admit that Plaintiffs purport to bring a class action on behalf of themselves and others. Defendants deny the remaining allegations in Paragraph 27 and specifically deny that the amount in controversy is over five million dollars, that Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief whatsoever.

28. The allegations in Paragraph 28 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant does not contest the assignment of this case to the Court's San Francisco Division.

33. The allegations in Paragraph 33 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 33 to the extent they are inconsistent with the relevant legislative record, statutes, and interpreting case law.

34. The allegations in Paragraph 34 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 34 to the extent they are inconsistent with the relevant legislative record, statutes, and interpreting case law.

35. The allegations in Paragraph 35 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 35 to the extent they are inconsistent with the relevant legislative record, statutes, and interpreting case law.

36. The allegations in Paragraph 36 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 36 to the extent they are inconsistent with the cited statutory language.

37. The allegations in Paragraph 37 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 37 to the extent they are inconsistent with the cited statutory language.

38. The allegations in Paragraph 38 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 38 to the extent they are inconsistent with the cited statutory language.

39. The allegations in Paragraph 38 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 39.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, inclusive of Footnotes 5 and 6, and therefore denies the same.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, inclusive of Footnotes 7 and 8, and therefore denies the same.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, inclusive of Footnote 9, and therefore denies the same.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, inclusive of Footnote 10, and therefore denies the same.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, inclusive of Footnotes 11 and 12, and therefore denies the same.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46, inclusive of Footnote 13, and therefore denies the same.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, inclusive of subparagraphs and Footnotes 14 through 16, and therefore denies the same.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, inclusive of Footnote 17, and therefore denies the same.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, inclusive of Footnote 18, and therefore denies the same.

50. Defendant denies that its use of common website technologies constitutes participation in a "mass surveillance network" or that its actions are undertaken at the expense of

website users' privacy. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50, inclusive of Footnote 19, and therefore denies the same.

51. Defendant denies the allegations in Paragraph 51.

52. The allegations in Paragraph 52 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 52 to the extent they are inconsistent with the quoted language.

53. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the representations in Paragraph 53, inclusive of Footnote 21, and therefore denies the same.

54. The allegations in Paragraph 54 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 54 to the extent they are inconsistent with the quoted language.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies the same.

56. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies the same.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, inclusive of Footnotes 23 through 25, and therefore denies the same.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, inclusive of Footnotes 26 and 27, and therefore denies the same.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies the same.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the same.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63, inclusive of Footnote 28, and therefore denies the same.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies the same.

66. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, inclusive of Footnotes 29 and 30, and therefore denies the same.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 regarding the operation of Google Pixels in their "default state," and therefore denies the same. Defendant denies all remaining allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, inclusive of the citation at Footnote 31, and therefore denies the same.

80. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies the same.

81. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

82. Defendant denies the allegations in Paragraph 82.

83. The allegations in Paragraph 84 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiffs or putative class members provided any "Sensitive Information" to Defendant. Defendant denies the remaining allegations in Paragraph 83.

84. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies the same.

85. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85, inclusive of the citations at Footnote 32, and therefore denies the same.

86. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, inclusive of the citations at Footnotes 33 and 34, and therefore denies the same.

87. The allegations in Paragraph 87 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. The allegations in Paragraph 90 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. The allegations in Paragraph 93 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 93.

94. The allegations in Paragraph 94 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 96.

97. Defendant admits that Plaintiff S.H. purports to bring this action on behalf of himself and a putative class that he calls the "Nationwide Subscriber Class." The remaining allegations in Paragraph 97 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 97, and specifically denies Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief, whatsoever.

98. Defendant admits that Plaintiff S.H. purports to bring this action on behalf of himself and a putative subclass that he calls the "New York Subscriber Subclass." The remaining allegations in Paragraph 98 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 98, and specifically denies that Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief whatsoever.

99. Defendant admits that Plaintiff C.C. purports to bring this action on behalf of herself and a putative class that she calls the "Nationwide Non-Subscriber Class." The remaining allegations in Paragraph 99 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 99, and specifically denies that Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief whatsoever.

100. Defendant admits that Plaintiff C.C. purports to bring this action on behalf of himself and a putative subclass that she calls the "New York Non-Subscriber Subclass." The remaining allegations in Paragraph 100 constitute a legal conclusion to which no answer is required. To the

extent an answer is required, Defendant denies the remaining allegations in Paragraph 100, and specifically denies that Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief whatsoever.

101. Defendant admits that Plaintiffs refer to the putative classes and subclasses as the "Class." The remaining allegations in Paragraph 101 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 101, and specifically denies that Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief whatsoever.

102. The allegations in Paragraph 102 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 102, and specifically denies that Plaintiffs have actionable claims, that Plaintiffs' claims may be properly adjudicated as a class action, and that Plaintiffs and those they seek to represent are entitled to any relief whatsoever.

103. Defendant denies the allegations in Paragraph 103.

104. The allegations in Paragraph 104 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 104, including all discrete subparts.

105. The allegations in Paragraph 105 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 105.

106. The allegations in Paragraph 106 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 106.

107. The allegations in Paragraph 107 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 107.

108. The allegations in Paragraph 108 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 108.

109. The allegations in Paragraph 109 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 109.

110. The allegations in Paragraph 110 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 110, including all discrete subparts.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant repeats the answers contained in paragraphs 1 through 111 as if fully set forth herein.

113. Defendant denies the allegations in Paragraph 113.

114. The allegations in Paragraph 114 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 regarding Plaintiffs' and putative class members' general expectations or state of mind, and therefore denies the same.

118. The allegations in Paragraph 118 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 118.

119. The allegations in Paragraph 119 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 119.

120. The allegations in Paragraph 120 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 120.

121. Defendant denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 121 or otherwise.

122. Defendant denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 122.

123. Defendant denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 123.

124. Defendant repeats the answers contained in paragraphs 1 through 123 as if fully set forth herein.

125. Defendant denies the allegations in Paragraph 125.

126. The allegations in Paragraph 126 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 126.

127. The allegations in Paragraph 127 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 127.

128. The allegations in Paragraph 128 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. The allegations in Paragraph 130 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 132.

133. Defendant repeats the answers contained in paragraphs 1 through 132 as if fully set forth herein.

134. The allegations in Paragraph 134 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 134.

135. Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138.

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 140.

141. Defendant repeats the answers contained in paragraphs 1 through 140 as if fully set forth herein.

142. The allegations in Paragraph 142 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 142.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. Defendant denies the allegations in Paragraph 146.

147. Defendant denies the allegations in Paragraph 147.

148. Defendant denies the allegations in Paragraph 148.

149. Defendant denies the allegations in Paragraph 149. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 149.

150. Defendant denies the allegations in Paragraph 150.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant repeats the answers contained in paragraphs 1 through 151 as if fully set forth herein.

153. The allegations in Paragraph 153 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 153 to the extent they are inconsistent with the cited statutory language.

154. The allegations in Paragraph 154 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 154 to the extent they are inconsistent with the cited statutory language.

155. The allegations in Paragraph 155 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 155 to the extent they are inconsistent with the cited statutory language.

156. The allegations in Paragraph 156 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 156.

157. The allegations in Paragraph 157 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 157.

158. The allegations in Paragraph 158 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 158, including all discrete subparts.

159. Defendant denies the allegations in Paragraph 159. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 159.

160. Defendant repeats the answers contained in paragraphs 1 through 159 as if fully set forth herein.

161. The allegations in Paragraph 161 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 161 to the extent they are inconsistent with the applicable statutory language.

162. The allegations in Paragraph 162 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 162 to the extent they are inconsistent with the applicable statutory language.

163. The allegations in Paragraph 163 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 163.

164. The allegations in Paragraph 164 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 164.

165. The allegations in Paragraph 165 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 165 to the extent they are inconsistent with the cited statutory language.

166. Defendant denies the allegations in Paragraph 166, including all discrete subparts.

167. The allegations in Paragraph 167 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 167 to the extent they are inconsistent with the cited statutory language.

168. The allegations in Paragraph 168 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 168 to the extent they are inconsistent with the cited statutory language. Defendant further denies the remaining allegations in Paragraph 168, including all discrete subparts.

169. The allegations in Paragraph 169 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 169.

170. Defendant denies the allegations in Paragraph 170.

171. The allegations in Paragraph 171 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 171.

172. The allegations in Paragraph 172 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 172.

173. Defendant denies the allegations in Paragraph 173.

174. The allegations in Paragraph 174 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 174 to the extent they are inconsistent with the cited statutory language.

175. The allegations in Paragraph 175 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 175.

176. Defendant denies the allegations in Paragraph 176, including all discrete subparts.

177. The allegations in Paragraph 177 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 177.

178. The allegations in Paragraph 178 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 178.

179. The allegations in Paragraph 179 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 179.

180. The allegations in Paragraph 180 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 180, including all discrete subparts.

181. Defendant denies the allegations in Paragraph 181.

182. The allegations in Paragraph 182 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 182.

183. Defendant denies the allegations in Paragraph 183.

184. The allegations in Paragraph 184 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 184.

185. The allegations in Paragraph 185 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 185.

186. Defendant denies the allegations in Paragraph 186. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 186.

187. Defendant repeats the answers contained in paragraphs 1 through 186 as if fully set forth herein.

188. The allegations in Paragraph 188 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 188 to the extent they are inconsistent with the cited statutory language.

189. The allegations in Paragraph 189 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 189, including all discrete subparts.

190. Defendant denies the allegations in Paragraph 190.

191. Defendant denies the allegations in Paragraph 191. Defendant further denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 191.

192. Defendant repeats the answers contained in paragraphs 1 through 191 as if fully set forth herein.

193. The allegations in Paragraph 193 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 193 to the extent they are inconsistent with the cited statutory language.

194. The allegations in Paragraph 194 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 194 to the extent they are inconsistent with the cited statutory language.

195. The allegations in Paragraph 195 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 195.

196. The allegations in Paragraph 196 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 196, including all discrete subparts.

197. The allegations in Paragraph 197 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 197.

198. The allegations in Paragraph 198 constitute a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 198.

199. Defendant denies the allegations in Paragraph 199.

200. Defendant admits that Plaintiffs and putative class members have not received any compensation from Defendant. Defendant denies that there was any unlawful or inappropriate use of Plaintiffs' or putative class members' information. Defendant otherwise denies the allegations in Paragraph 199, including that any sensitive or identifiable information was transmitted to Defendant.

201. Defendant denies the allegations in Paragraph 201.

202. Defendant denies the allegations in Paragraph 202.

203. Defendant denies that Plaintiffs or any putative class members are entitled to any relief, including that alleged in Paragraph 203.

204. Defendant denies the allegations in Paragraph 204.

## **PRAYER**

Answering additional paragraphs on page 55 of the FAC related to relief sought by Plaintiffs, Defendant denies that Plaintiffs are entitled to any of the relief requested, or to any relief whatsoever,

either on behalf of themselves or on behalf of any individuals they seek to represent. Defendant further denies that Plaintiffs' claims may be properly adjudicated as a class action.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to Plaintiffs' First Amended Complaint and each claim therein. Defendant also reserves all defenses available under the Federal Rules of Civil Procedure and the laws of the State of California, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations. As separate and distinct affirmative defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The FAC and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Article III & Statutory Standing)**

Plaintiffs and/or the putative class members lack standing, either individually or in a representative capacity, to assert the claims in the FAC. Plaintiffs and/or putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(No Cognizable Injury)**

Plaintiffs and/or the putative class members have incurred no cognizable injury or damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Releases)**

The FAC and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs and/or their agents have released any of their purported causes of action against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The FAC, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by one or more statutes of limitations and/or repose.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

The FAC and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs consented to any and/or all of the conduct about which Plaintiffs now complain.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Claims are Barred by Defendant's Terms)**

Plaintiffs' claims and those of the putative class are limited or barred, in whole or in part, by applicable provisions in Defendant's Terms of Use, Privacy Policy, and/or Cookies Policy, to which Plaintiffs and/or the putative class consented.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Class Action Not Appropriate)**

Plaintiffs' claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23, as the proposed class does not satisfy the requirements described therein. Individual questions of fact and law predominate over common questions, Plaintiffs are not an adequate class representatives, their claims are not typical of those belonging to the alleged class members, and other class requirements cannot be satisfied, among other reasons.

**NINTH AFFIRMATIVE DEFENSE**

**(Ordinary Course of Business Exception)**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because the Defendant's alleged conduct falls within the "ordinary course of business" exception pursuant to the VPPA and/or state or federal wiretapping laws.

**TENTH AFFIRMATIVE DEFENSE**

**(The VPPA Exceeds Congress's Powers)**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because the VPPA is unconstitutional as it exceeds the constitutional powers of Congress, and is not a constitutionally permissible exercise of Congress's commerce clause powers or within the scope of Congress's enumerated powers under the Tenth Amendment of the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

To the extent they have suffered any damages, Plaintiffs are barred, in whole or in part, from recovering damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages. Without conceding that Defendant engaged in the conduct Plaintiffs allege, which Defendant expressly denies, Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent they failed to mitigate damages, if they suffered any. Plaintiffs and putative class members have used the internet for years, browsing websites with knowledge that the websites they visited were collecting information about those visits and potentially sharing that information with third parties. The alleged practices at issue in the FAC have been broadly covered and subject to extensive public commentary, as reflected in (among other things) the various news stories, government documents, and other materials cited throughout the FAC. Yet Plaintiffs and putative class members continued to visit those websites even though they could have changed their Internet browsing behavior. Plaintiffs and putative class members could have used any number of tools available to them to prevent the information being collected by these websites of which they complain, including browser plugins that alert them to such data collection and block it.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Damages Not Appropriate)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, to the extent they seek statutory damages because such damages are not appropriate in the circumstances alleged in the FAC. Even if the jury finds liability, the Court will have discretion to decline to award statutory damages under ECPA and CIPA. When exercising that discretion, courts weigh several factors. E.g., Campbell v. Facebook Inc., 315 F.R.D. 250, 268 (N.D. Cal. 2016). Plaintiffs will not be able to prove those factors weigh in favor of an award of statutory damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Impropriety of Class-Wide Declaratory or Injunctive Relief)**

Plaintiffs are not entitled to injunctive or declaratory relief because they will not suffer any irreparable injury if injunctive or declaratory relief is declined. Moreover, neither final injunctive relief nor corresponding declaratory relief is appropriate with respect to the putative class as a whole because Defendant has not acted or refused to act on grounds that apply generally to the putative class.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Constitutional Defense to Penal Damages or Penalties)**

The Plaintiffs are not entitled to recover any penal damages or penalties under California or federal law, and any award of penalties would in general or under the facts of the Plaintiffs' Complaint violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the First Amendment of the United States Constitution's free speech provisions, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Harm)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs and putative class members have not sustained any losses, damages, or harm, in any sum or amount whatsoever, as a result of the conduct alleged in the FAC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Dormant Commerce Clause)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they seek to impose an excessive burden on interstate commerce in violation of the by the dormant Commerce Clause. Among other things, Plaintiffs' claims under California tort law, the California Constitution, and CIPA purport to regulate a wide range of conduct, including, potentially, conduct occurring entirely outside the borders of California, in violation of the dormant Commerce Clause's restrictions on extraterritoriality.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because California law does not apply to Plaintiffs or putative class members who do not reside in California at the time of the conduct on which Plaintiffs base their claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

Plaintiff's claims and/or those made by the putative class are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable doctrines. Without conceding that Defendant engaged in the conduct Plaintiffs allege, which Defendant expressly denies, Plaintiffs and putative class members visited and continued to visit Defendant's website knowing that websites collect information about website visitors that is frequently shared with third parties for marketing or analytics purposes. These alleged practices have been broadly covered and subject to extensive public commentary, as reflected in (among other things) the various news stories, government documents, and other materials cited throughout the FAC. Yet Plaintiffs and putative

class members continued to visit such websites even though they could have changed their Internet browsing behavior, adjusted their cookie or privacy settings, or taken any number of other steps to address their alleged harm from the alleged conduct. In so doing, Plaintiffs and putative class members have waived, are estopped from asserting, and/or are otherwise barred by the doctrines of laches, unclean hands, and other equitable principles from pursuing any claims associated with the alleged collection or use of information about their visits to Defendant's website.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That the Court enter judgment for Defendant and against the Plaintiffs on all of their alleged claims;
4. That the Court award Defendant its attorneys' fees and costs of suit; and
5. The Court grant Defendant such other and further relief as the Court deems just and proper.

DATED: September 23, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Benjamin W. Perry*
Sean P. Nalty
Benjamin W. Perry (admitted *pro hac vice*)

*Attorneys for Defendant*
*Cybernet Entertainment, LLC*